Citation Nr: 1546225 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 10-23 711 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to basic eligibility for educational assistance under Chapter 33, Title 38, United States Code (Post-9/11 GI Bill).


ATTORNEY FOR THE BOARD

B. Muetzel, Associate Counsel


INTRODUCTION

The Veteran was a member of the Army National Guard and has verified active duty from April 2008 through September 2008 and from May 2009 through August 2009. He also has an unverified period of active duty from June 2007 through March 2008.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma.

This case was previously before the Board in July 2011, November 2012, November 2013, and March 2015 and remanded each time for additional development.


FINDING OF FACT

The evidence of record shows that the Veteran served on active duty June 2007 through March 2008, which appears to have been under the authority of 10 U.S.C. § 12301(d) and exceeds 90 aggregate days of service, is deemed active duty service for purposes of the Post-9/11 GI Bill.


CONCLUSION OF LAW

Resolving reasonable doubt in the Veteran's favor, the criteria for eligibility for educational assistance benefits under the Post-9/11 GI Bill have been met. 38 U.S.C.A. §§ 3311, 5107 (West 2014); 38 C.F.R. §§ 3.102, 21.9520 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran contends that she is entitled to Post-9/11 GI Bill benefits. For the reasons that follow, the Board agrees and awards the benefits sought.

The Post-9/11 GI Bill was enacted by Congress in June 2008. See Pub. L. No. 110-252, Title V, §§ 5001-5003, 122 Stat. 2357 (2008). The statutory provisions are codified at Title 38 U.S.C.A Chapter 33. VA promulgated new regulations to implement the change in law in March 2009 which are codified at 38 C.F.R. §§ 21.9500 - 21.9770. 

The Post-9/11 GI Bill authorizes varying levels of educational benefits depending upon the aggregate amount of active duty service commencing on or after September 11, 2001. See generally 38 U.S.C.A. §§ 3311, 3313. For purposes of the Post-9/11 GI Bill, the term "active duty" means, inter alia, full-time duty under a call or order to active duty under 10 U.S.C. § 12301(d). 38 U.S.C.A. § 3301(1)(B); 38 C.F.R. § 21.9505.

The Veteran's claim was denied because the AOJ determined that the period of service for which the Veteran is claiming entitlement to benefits had not been verified. The Board notes that the Veteran's appeal has been remanded several times in order to verify the period of service from June 2007 to March 2008. 

In November 2013, the Board remanded this case in order for the AOJ to contact the National Personnel Records Center (NPRC) and the Illinois and California Adjunct Generals in order to attempt to verify the Veteran's June 2007 through March 2008 period of service. Those responses came back negative and are associated with the claims file.

The Board additionally asked for the pay records to be obtained from DFAS with respect to the Veteran. Those financial records were obtained and indicated that the Veteran was paid for his period of service from June 2007 through March 2008; based on the fact that the financial records corroborate payment to the Veteran for his period of service from June 2007 through March 2008, it appears that VA has conceded that the Veteran did, indeed, have service from June 2007 through March 2008. The AOJ, however, continued to deny the Veteran's claim in the December 2014 Supplemental Statement of the Case because it was unable to determine the character of the Veteran's discharge from service for that period of service.

As the June 2007 through March 2008 appears to have been under the authority of 10 U.S.C. § 12301(d) and exceeds 90 aggregate days of service, the characterization of the Veteran's discharge for that period of service is important in determining the Veteran's eligibility for Post-9/11 GI Bill education benefits.

Thus, in March 2015, the Board remanded the appeal to verify the character of the Veteran's discharge for the Veteran's June 2007 through March 2008 period of service (which VA has conceded occurred as the DFAS records demonstrate that the Veteran was paid for that period of service). The AOJ was instructed to attempt to ascertain the character of discharge for the Veteran's June 2007 through March 2008 period of service through all official sources, including but not limited to the Illinois or California Adjunct Generals; the United States Army; the unit commander or other appropriate unit official for that period of service; the State's (whichever that would be in this case) Inspector General, as indicated in the Department of Defense's November 2014 response; or, any other appropriate agency or official that would or could have knowledge or authority to provide information as to the Veteran's character of discharge for that period of service. Additionally, the AOJ was informed that, if it found that this information is unavailable and further attempts at ascertaining the characterization of the discharge from service for the June 2007 through March 2008 period would be futile, such should be noted in a memorandum of unavailability that is associated with the claims file and the Veteran should be so notified.

The Board notes that the AOJ did not appear to locate any documentation that would verify the Veteran's character of discharge from his period of service from June 2007 to March 2008. However, the AOJ also did not complete a memorandum of unavailability that is associated with the record. Instead, in a Supplemental Statement of the Case, issued in August 2015, the AOJ continued to deny the Veteran's claim based on the lack of information regarding the character of his discharge. 

Based on the previous development and the efforts by the AOJ, it appears that the Veteran's DD form 214 from the Veteran's period of service from June 2007 to March 2008 cannot be located. The Board further notes, however, that the Veteran's file contains a DD form 214 from the Army National Guard that shows that he served from April 2008 to July 2008, with an honorable discharge. Given that this period of service occurred after the completion of the period of service in question, the Board resolves reasonable doubt that the Veteran's period of service from June 2007 to March 2008 resulted in an honorable discharge. 

Thus, the Board finds that the Veteran's service from June 2007 to March 2008, as authorized under 10 U.S.C. § 12301(d) is deemed active duty service for purposes of the Post-9/11 GI Bill. The appeal is granted.



ORDER

The claim of entitlement to VA educational assistance benefits under the Post-9/11 GI Bill is granted.



____________________________________________
WAYNE M. BRAEUER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs